IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

CESAR A. IBARRA,

    Plaintiff,

v.

CAROLYN W. COLVIN,
Acting Commissioner of the Social Security Administration,

    Defendant.

Civ. No. 6:15-cv-00985-PA

OPINION AND ORDER

PANNER, Judge:

    Plaintiff Cesar Ibarra brings this action for judicial review of the final decision of the Commissioner of Social Security ("Commissioner") denying his applications for Title II Disability Insurance Benefits and Title XVI Supplemental Security Benefits under the Social Security Act ("the Act"). For the reasons set forth below, the Commissioner's decision is reversed and this case is remanded for further proceedings.

1 – OPINION AND ORDER

## PROCEDURAL BACKGROUND

On January 25, 2012, plaintiff applied for Disability Insurance Benefits, alleging an onset date of September 15, 2011. Tr. 182-83. On February 1, 2012, plaintiff applied for Supplemental Security Income benefits. Tr. 186-91. After his applications were denied initially and on reconsideration, he requested a hearing. Tr. 108-15, 120-27. On November 15, 2013, a hearing was held before an Administrative Law Judge ("ALJ"), wherein plaintiff was represented by counsel and testified, as did a vocational expert. Tr. 42-73. On November 29, 2013, the ALJ issued a decision denying the claims. Tr. 25-34. After the Appeals Council denied his request for review, plaintiff filed a complaint in this Court. Tr. 1-3.

## STATEMENT OF FACTS

Born on February 4, 1983, plaintiff was 28 years old on the alleged onset date of disability and 30 years old at the time of the hearing. Tr. 182, 186. Plaintiff left school after the tenth grade. Tr. 212. He worked previously as a farm laborer and a harvest operator. Tr. 70.

## STANDARD OF REVIEW

The court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record. *Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citation and internal quotations omitted). The court must weigh "both the evidence that supports and detracts from the [Commissioner's] conclusions." *Martinez v. Heckler*, 807 F.2d 771, 772 (9th Cir. 1986).

Variable interpretations of the evidence are insignificant if the Commissioner's interpretation is rational. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005).

The initial burden of proof rests upon the claimant to establish disability. *Howard v. Heckler*, 782 F.2d 1484, 1486 (9th Cir. 1986). To meet this burden, the claimant must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

The Commissioner has established a five step sequential process for determining whether a person is disabled. *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987); 20 C.F.R. §§ 404.1520, 404.920. First, the Commissioner determines whether a claimant is engaged in "substantial gainful activity." *Yuckert*, 482 U.S. at 140; 20 C.F.R. §§ 404.1520(b), 404.920(b). If so, the claimant is not disabled.

At step two, the Commissioner evaluates whether the claimant has a "medically severe impairment or combination of impairments." *Yuckert*, 482 U.S. at 140-41; 20 C.F.R. §§ 404.1520(c), 404.920(c). If the claimant does not have a medically determinable, severe impairment, he is not disabled.

At step three, the Commissioner determines whether the claimant's impairments, either singly or in combination, meet or equal "one of a number of listed impairments that the [Commissioner] acknowledges are so severe as to preclude substantial gainful activity." *Yuckert*, 482 U.S. at 140-41; 20 C.F.R. §§ 404.1520(d), 404.920(d). If so, the claimant is presumptively disabled; if not, the Commissioner proceeds to step four. *Yuckert*, 482 U.S. at 141.

At step four, the Commissioner resolves whether the claimant can still perform "past relevant work." 20 C.F.R. §§ 404.1520(f), 404.920(f). If the claimant can work, he is not disabled; if he cannot perform past relevant work, the burden shifts to the Commissioner. At step five, the Commissioner must establish that the claimant can perform other work existing in significant numbers in the national or local economy. *Yuckert*, 482 U.S. at 141-42; 20 C.F.R. §§ 404.1520(g), 404.920(g). If the Commissioner meets this burden, the claimant is not disabled. 20 C.F.R. §§ 404.1566, 404.966.

## THE ALJ'S FINDINGS

At step one of the five step sequential evaluation process outlined above, the ALJ found that plaintiff had not engaged in substantial gainful activity since the alleged onset date. Tr. 27. At step two, the ALJ determined that plaintiff's back disorder, left lower extremity condition, and substance abuse disorder were severe impairments. *Id.* At step three, the ALJ found plaintiff's impairments, either singly or in combination, did not meet or equal the requirements of a listed impairment. Tr. 29.

Because he did not establish presumptive disability at step three, the ALJ continued to evaluate how plaintiff's impairments affected his ability to work. The ALJ resolved that plaintiff had the residual functional capacity ("RFC") to perform a limited range of light work as follows:

> [C]an perform unskilled, repetitive, routine work. He can occasionally crouch, squat, kneel, crawl, and stoop. He can never balance or climb.

Tr. 30.

At step four, the ALJ determined plaintiff could not perform his past relevant work. Tr. 32. At step five, the ALJ, considering plaintiff's age, education, work experience, and RFC, determined jobs exist in significant numbers national economy that plaintiff retains the capacity

4 – OPINION AND ORDER

to perform. Tr. 33. Accordingly, the the ALJ found that plaintiff was not disabled under the Act from September 15, 2011 though the date of the decision, November 29, 2013.

## DISCUSSION

Plaintiff argues the ALJ erred by failing to properly evaluate: (1) his symptom allegation testimony, and (2) the medical opinion of his treating physician, Mary Lu Belozer, M.D. In response, the Commissioner concedes that the ALJ's decision was not based on substantial evidence, and therefore requests the case be remanded for further proceedings. *See* Def.'s Br. 2. However, although the Commissioner generally concedes reversible error, she does not identify whether the ALJ erred in the evaluation of plaintiff's symptom allegations, Dr. Belozer's medical opinion, both, or in some other fashion. *See* Def.'s Br. 2, 5. The Commissioner's position is simply that despite the ALJ's unspecified errors, evidentiary conflicts necessitate further proceedings pursuant to *Strauss v. Comm'r of Soc. Sec. Admin.*, 653 F.3d 1135 (9th Cir. 2011) and *Treichler v. Comm'r of Soc. Sec.*, 775 F.3d 1090 (9th Cir. 2014). Therefore, for the purposes of this Opinion and Order, the court takes the Commissioner's concession as applying to plaintiff's assignments of error regarding both his symptom allegation testimony and the medical opinion evidence. Thus, the sole issue before the court is whether this case should be remanded for immediate calculation and payment of benefits, or for further proceedings. For the reasons that follow, the court finds that further proceedings are necessary to determine whether plaintiff is in fact disabled within the meaning of the Act.

I.     **Remand Legal Framework**

Within the Court's discretion under 42 U.S.C. § 405(g) is the "decision whether to remand for further proceedings or for an award of benefits." *Holohan v. Massanari*, 246

F.3d 1195, 1210 (9th Cir. 2001) (citation omitted). Although a court should generally remand to the agency for additional investigation or explanation, a court has discretion to remand for immediate payment of benefits. *Treichler*, 775 F.3d at 1099-1100. The issue turns on the utility of further proceedings; a remand for an award of benefits is appropriate when no useful purpose would be served by further administrative proceedings, or when the record has been fully developed and the evidence is insufficient to support the Commissioner's decision. *Id.* at 1100. A court may not award benefits punitively and must conduct a "credit-as-true" analysis on evidence that has been improperly rejected by the ALJ to determine if a claimant is disabled under the Act. *Strauss*, 635 F.3d at 1138.

In the Ninth Circuit, the "credit-as-true" doctrine is "settled" and binding on this Court. *Garrison v. Colvin*, 759 F.3d 995, 999 (9th Cir. 2014). The Ninth Circuit has developed a three-step approach to determine whether erroneously discredited evidence should be credited as true. First, the district court must determine that the ALJ made a harmful legal error, such as failing to provide legally sufficient reasons for rejecting salient evidence. *Dominguez v. Colvin*, 808 F.3d 403, 407 (9th Cir. 2015). When the court determines that such an error (or errors) exist, it must next review the administrative record in its entirety in order to determine whether it has been fully developed, is free from material conflicts and ambiguities, and that all essential factual matters have been resolved. *Id.*, (citing *Treichler*, 775 F.3d at 1101). In conducting the review of the record, the district court is to "consider whether there are inconsistencies between the plaintiff's testimony and the medical evidence in the record," whether the Commissioner identified evidence that the ALJ "overlooked" in the non-disability decision, and if "that evidence casts into serious doubt" the plaintiff's disability claim. *Id.* (internal citations omitted).

6 – OPINION AND ORDER

Only when the district court determines further administrative proceedings "would serve no useful purpose" may it remand with a direction to provide benefits. *Id.* (citing *Burrell v. Colvin*, 775 F.3d 1133, 1141 (9th Cir. 2014)).

Only after the district court determines the record has been fully developed, and no outstanding factual issues remain unresolved, may the district court consider whether an ALJ would be required to find the plaintiff disabled on remand, "if the improperly discredited evidence were credited as true." *Garrison*, 759 F.3d at 1020.

> Said otherwise, the district court must consider the testimony or opinion that the ALJ improperly rejected, in the context of the otherwise undisputed record, and determine whether the ALJ would necessarily have to conclude that the claimant were disabled if that testimony or opinion were deemed true.

*Dominguez*, 808 F.3d at 407. If so, the district court may exercise its discretion to remand the case for immediate calculation and payment of benefits. *Id.* (citing *Garrison*, 759 F.3d at 1020). However, the district court is not *required* to remand for payment of benefits in such circumstances, as district courts "retain flexibility" in determining the appropriate remedy. *Id.* (citing *Burrell*, 775 F.3d at 1141). For example, a reviewing court is not required to credit a plaintiff's symptom allegations merely because the ALJ made a legal error in discrediting his testimony. *Id.* at 408 (quoting *Treichler*, 775 F.3d at 1106). Rather, the court may remand for further proceedings "when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of [the Act]." *Id.* (quoting *Burrell*, 775 F.3d at 1141).

Plaintiff proffers a somewhat different interpretation of the credit-as-true doctrine. Specifically, plaintiff argues that when the Commissioner fails to carry the burden of proof at step five of the sequential evaluation process, he must be presumed disabled, and is therefore entitled to benefits. Pl.'s Reply 7. In support, plaintiff cites several Ninth Circuit cases that

7 – OPINION AND ORDER

preceded *Garrison*, *Treichler*, and *Dominguez*. *Id.* However, as the Ninth Circuit explained in *Garrison*, previous cases, and even those which "stated or implied that it would be an abuse of discretion for a district court not to remand for an award of benefits when all of the conditions of the credit-as-true rule are met," did not foreclose "flexibility" in determining the proper remedy. *Garrison*, 759 F.3d at 1020-21. Rather, "the required analysis centers on what the record evidence shows about the existence or non-existence of a disability." *Id.* (quoting *Strauss*, 653 F.3d at 1138). Thus, as was the case in *Garrison*, even when the Commissioner fails to carry the burden of proof at step five due to errors at prior steps, the court may not simply presume plaintiff is disabled and entitled to payment of benefits. *See id.* at 1008. Instead, the court must review the record as a whole in order to determine whether the evidence definitively establishes disability. If not, the court should remand the case for further consideration, development and/or explanation of the evidentiary record in additional proceedings. *Treichler*, 775 F.3d at 1107. As such, despite the Commissioner's concession that the ALJ's errors warrant remanding this case, immediate payment of benefits is not appropriate, as further legal analysis is required. *Id.*

## II.   The Evidentiary Record

At the 2013 administrative hearing, plaintiff testified that he had not worked for the previous two years due to problems involving his lower back and legs. Tr. 45, 51-52. Plaintiff explained that although his treating physician, Mary Lu Belozer, M.D., had suggested epidural steroid injections and also recommended surgery, he was not able to afford the treatments, and his medical insurance would not approve them. Tr. 54-56. Plaintiff alleged that he cannot walk more than three blocks without pain, experiences pain if he stands or sits for too long, and does not receive relief from lying down. Tr. 56, 64-65. His activities of daily living have been limited

by his pain. Tr. 218-224. Responding to the ALJ's questioning, plaintiff indicated he had applied for unemployment insurance in Oregon, and indicated he signed a document attesting that he was ready, willing, and able to work, but never actually applied for or procured employment. Tr. 59-61. Plaintiff explained that when he did return to work in May 2012, he found he was unable to perform his job duties due to pain. Tr. 63, 262.

In 2013, Dr. Belozer provided a medical opinion which outlined plaintiff's chronic low back pain and left lumbar radiculopathy, resulting in bilateral sciatica and low back and leg pain that is present when plaintiff is sitting, standing, walking, and lying down. Tr. 350-51. The doctor indicated that plaintiff would be unable to maintain a regular, full-time work schedule 3-4 days per month due to his medically determinable impairments. Tr. 353. Dr. Belozer indicated plaintiff's symptoms were corroborated by a December 2011 MRI which revealed degenerative disc disease. Tr. 351. Dr. Belozer's opinion is supported in the record, as the MRI was interpreted as showing "L3-4 and L4-5 congential [sic] tightness," and "herniated L4-5 disc . . . causing root compression." Tr. 255.

### III.   Credit-As-True Analysis

As explained above, the Commissioner concedes the ALJ erroneously evaluated the pertinent evidence and rendered a flawed decision, which establishes the threshold requirement of the credit-as-true rule. However, the Commissioner maintains that a number of outstanding factual issues preclude remanding this case for immediate payment of benefits.

First, the Commissioner argues Dr. Belozer did not adequately explain why plaintiff would "miss" 3-4 workdays per month. Def.'s Br. 7. After all, an ALJ need not accept a physician's opinion that is brief, conclusory, or inadequately supported by medical findings.

*Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). However, the issue before the court is not whether the ALJ proffered adequate reasons to reject medical opinion evidence, but whether conflicts and/or ambiguities in the record require further factual development. *Dominguez*, 808 F.3d at 408. Reviewing the record as a whole, Dr. Belozer's opinion and chart notes in particular, it is clear to the court that the reason plaintiff would not complete 3-4 workdays per month is pain in his legs and/or back due to his objectively documented degenerative disc disease. *See* tr. 255, 350-51. Of further evidentiary support is the undisputed fact that although plaintiff reported improvement due to his medication, he nevertheless found he was unable to return to his seasonal farm work in 2012. Tr. 63, 262. Further support is evinced by a 2013 chart note, in which Dr. Belozer indicated, "hard labor is not something he can do with size and back." Tr. 359.

However, Dr. Belozer's apparent opinion that plaintiff's absenteeism would apply to all occupations is at odds with significant evidence of record. Specifically, a number of chart notes suggest that Dr. Belozer believed plaintiff retained the functional capacity to perform other work. For example, Dr. Belozer noted that she and plaintiff "spoke of other jobs besides manual labor [plaintiff] can do with training," after plaintiff determined he could not return to his farm job in May 2012. Tr. 263. She also mentioned the possibility of vocational rehabilitation in August 2012. Tr. 336. The doctor further noted that plaintiff was "able to function" and could perform "most activities" despite his reports of sciatica in both legs in January 2013. Tr. 359. Additionally, Dr. Belozer note indicated she and plaintiff discussed "going to school and improving self as hard labor is not something he can do with size and back," which further suggests she believed plaintiff was able to perform some work activity. Thus, when viewing the

10 – OPINION AND ORDER

record as a whole, it is unclear whether Dr. Belozer's opinion regarding plaintiff's inability to complete a regular workday 3-4 times per month was limited to farm labor, or, as plaintiff contends, equally applicable to all occupations. Def.'s Br. 6.

The Commissioner also contends that other factual issues require further development, such as the assertion plaintiff's symptoms varied over time, and that plaintiff held himself out as ready, willing, and able to work in order to obtain unemployment benefits. Def.'s Br. 7-8; *see* tr. 58-60, 280. Although these issues may have some bearing on whether plaintiff is able to perform other work in the national economy, neither is a particularly compelling reason to reject plaintiff's symptom testimony, nor is the court persuaded that further development of either issue would be of significant utility. *See Garrison*, 759 F.3d at 1017 ("it is error to reject a claimant's testimony merely because symptoms wax and wane in the course of a treatment"); Pl.'s Br. 14-15 (contrasting State of Oregon unemployment benefits disability standard with disability standard of the Social Security Administration).

Nonetheless, because the record reflects an apparent inconsistency between Dr. Belozer's opinion that plaintiff would be unable to maintain a regular work schedule 3-4 days per month, and chart notes seeming to indicate she believed plaintiff potentially could perform other, less strenuous work, plaintiff's disability status remains unclear. Therefore, the court does not proceed to the next question, whether the ALJ would be required to find plaintiff disabled if Dr. Belozer's inconsistent reports were credited as true. *Dominguez*, 808 F.3d at 410 (citations omitted). Instead, this case should be remanded for further proceedings consistent with this opinion, rather than payment of benefits.

11 – OPINION AND ORDER

## CONCLUSION

For the foregoing reasons, the Commissioner's final decision is REVERSED and this case is REMANDED for further proceedings consistent with this opinion.

IT IS SO ORDERED.

DATED this 31 day of August 2016.

_____
Owen M. Panner
United States District Judge